Southard J.
Three reasons were filed, as grounds of reversal in this case,
. 1. JLne verdict .was given by eleven men only,
The justice adjourned the cause, for more than fifteen days, without consent.
3. Unlawful evidence was admitted, to wit: the account of the defendant below after the hearing was over, and “hter - the plaintiff, late iñ the evening, had retired from the court.
On the first point. It appears by the transcript,*'that twelve jurors were sworn, and the verdict is recorded in 0 the usual form; but the justice adds, “some time after tbe jury was dismissed, one of the jurors swore that he was not agreed to the verdict, previous to judgment being en£ere(p» jg Up0n this affidavit of the juryman alone, that this reason rests. I am not willing to rely on such an affidavit. A juror who has come into court and publicly ^assented to the verdict given in by the foreman ought not afterwards to be permitted to gainsay or deny that assent, so as to invalidate the verdict. Such conduct in a juror, deserves severe animadversion, and such a course of proceeding would lead to consequences much to be lamented. • There is therefore nothing in the first reason.
*561 2. There is some appearance of contradiction in the record, in this matter. The summons seems to have-been issued on the 27th of January, returnable on the 10th of March, but the parties met on the 10th of February ; an adjournment took place to the 17th of February, when the constable not being able to return the venire, a further adjournment took place to the 24th of February, on which day the cause was tried. The word ‘ March’ is probably an error; it should have been February, and then, until the cause was tried, no illegal adjournment was made. It is but fourteen days between the return of the summons and the trial. After the trial, a considerable delay occurred before judgment was finally entered, which was on the 23rd of June; and it is probably against this delay that the plaintiff in certiorari, complains as illegal. 'On the 23rd of May, the plaintiff below, again summoned the defendant, and when they appeared, each demanded judgment, the plaintiff on his account, the defendant on the verdict which had been rendered in his favour ; but no steps towards another trial wrere taken, and the justice continued his adjournments. In reference to the entry of judgment, he remarks, that he had difficulty, arising from the conduct of the juryman, and that he “ adjourned, by sundry adjournments at two weeks each, to obtain counsel.” In all this there is nothing erroneous. The statute does not require judgment to be immediately entered; and it is common in all courts, even those of the highest and most extensive jurisdiction, to delay, for the purpose of examination and advisement. Nothing is more frequently seen in our books, than, curia advisare vult: and this advisement is not less necessary, for the judges in our courts for the trial of small causes, than for others. If, indeed, the delay arises from improper motives, or is unnecessarily and oppressively protracted, the party has his remedy; he may compel the entry of judgment. And where a delay does take place between trial and judgment, the justice must warn the parties, that they may have notice and be present when he does give his judgment. This he seems not to have done, and in this the error lies.
*3. The transcript takes no notice of any account being *562 filed, on the return day, by the defendant, and the neces-sary legal inference is, that none 'was filed on that day. Notwithstanding this, the verdict is in favour of the defendant for 30 dollars, 25 cents. Accompanying the papers, however, there is an account of the defendant against the plaintiff, and in the certificate which the justice puts to his record, he has these words. “ William Bead, the defendant, did.not produce his account in court till late in the evening, after Mr. Clark, the plaintiff, had retired.” The plaintiff below, who is also plaintiff here, alleges that this took place on the day of the trial; and such must be the fact, or the justice would have noted its being filed in his record. This was certainly altogether erroneous. The jury should not have had before therm any account which had not been filed within the proper time. Upon the legal evidence and papers before them, they could not have found a verdict for the defendant^ and their verdict ought not therefore to stand. The justice has erred in this matter. If the account was filed on the return day, it ought so to appear upon his record. If not filed on the return day, he ought not have received it, or laid it before the jurj'’.
In my opinion, there must be a reversal.
Kir.kpate.ick O. J.
This cause was heard on the 27th February 1818, and there was a verdict for the defendant for 30 dollars, 25 cents. Upon this verdict there was no judgment rendered nor adjournment made at that time. On the 12th May, the plaintiff took out a new summons against the defendant for 100 dollars, returnable the 26th of the same month, at which time the parties appeared and the plaintiff prayed judgment on his old account, and the defendant upon his verdict in the former action. Upon this, the justice says in his return, “ Iadjourned by sundry adjournments of two weeks each till the 23rd of June.” Now it is obvious from this mode of entry, that this matter of the adjournment is altogether an after-thought, and that none such really took place or were entered on the docket, otherwise the entry must necessarily have been from two weeks to two weeks, and not in the form in which' it appears on this return; nor does it appear *563 that the parties were present or had notices of such pretended adjournments. I think therefore, " whole proceeding in this respect is contrary to the directions and true spirit of the act, *and therefore, as well as upon general principles, erroneous; and of course, that the judgment ought to be reversed, as well upon the second as upon the third reason stated by my brother Southard. I hold it to be clear, that a justice cannot thus closet himsolf up, or perhaps I might rather say, go about his usual business and then give judgment when and where he pleases in the absence of the parties, and especially at such a distant day. He must, like other judges, give judgment in open court, when the parties are present, or had an opportunity of being present. And so; if my memory does not fail me, it has, more than once been determined in this court.
By the whole court:
Let the judgment be reversed.